## MULLER v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term.   June 22, 1903.)

1. STREET RAILROADS—CROSSING ACCIDENT—NEGLIGENCE—CONTRIBUTORY NEG-
LIGENCE—JURY QUESTIONS.
   Evidence in an action for injuries by the driver of a wagon struck
by defendant street railway company's car at a crossing *held* to justify
the submission to the jury of the issues of defendant's negligence and
plaintiff's contributory negligence.
   MacLean, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Seventh Dis-
·trict.

Action by Christian Muller against the Interurban Street Railway
Company.   Judgment for plaintiff, and defendant appeals.   Affirmed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and
MacLEAN, JJ.

H. A. Robinson (Arthur K. Wing and Wm. E. Weaver, of counsel),
for appellant.

Joseph I. Green, for respondent.

GILDERSLEEVE, J.   The action is for personal injuries.   While
the plaintiff may have been somewhat confused on cross-examination,
still his evidence shows that when his horses got onto the west track
of defendant he saw the car a block away on the same track.   He
was driving slowly.   He had his horses over the west track, onto the
east track, when he looked again, and saw the car half a block away.
Before he could get the hind part of his wagon over the west track,
the car struck the wagon, and caused the injuries complained of.   The
evidence was such that the question of the negligence of defendant's
servant in charge of the car and of the plaintiff's contributory negli-
gence was a proper one for the jury.   The charge of the learned
justice was a correct statement of the law applicable to the case.   We
can find no reason for disturbing the judgment.

Judgment affirmed, with costs.

FREEDMAN, P. J., concurs.

MacLEAN, J. (dissenting).   The plaintiff, driving an empty two-
horse stone truck easterly through 111th street, was struck on Second
avenue by a south-bound car of the defendant, and in this action
charged his injuries upon the defendant.   That he looked and saw
the car before he got upon its track is clear, but not his direct testi-
mony to where and when.   Upon his cross-examination he testified
that he saw the car at 112th street as soon as he came out from the
house line; that the distance from the first rail to the edge of the
street was 43 feet, and he saw the car when he commenced to drive
the 43 feet; that his horses were walking, and the car was coming
extremely fast, and he kept right on, watching it all the time, and if
the motorman did not stop the car he knew he would get struck.   The
collision occurring at a point where the parties had similar rights and

similar duties, the plaintiff might not impose greater duties upon the defendant, or assume for himself superior rights, or recover when the fault of the defendant but equals his own.

Judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.